IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PEOPLES STATE BANK OF WYALUSING, PA., | : |
| Plaintiff | : |
| v. | : |
| WELLSBURG TRUCK AND AUTO SALES, INC. and THOMAS CICCOTTI | : Civil Action No. 3:10-CV - 433 |
| | :(Hon. Judge Caputo) |
| Defendants | : ELECTRONICALLY FILED |

# ANSWER, COUNTERCLAIM, AND JURISDICTIONAL CHALLENGE

**ANSWER PRESENTING DEFENSES UNDER RULE 12(b)**

**Responding to Allegations in the Complaint**

1. WELLSBURG TRUCK AND AUTO SALES, INC. and THOMAS CICCOTTI admit 2, 3, as to being "a" control person,

2. WELLSBURG TRUCK AND AUTO SALES, INC. and THOMAS CICCOTTI admit 6 as to the document being in existence, deny 6 as to who caused it to be in existence, defendant did not draft the forms or the contracts, did not read every word before he signed, and relied reasonably on the Plaintiff's stated mutual interests and business advice in so signing, such loans being urged upon defendant by the Plaintiff, who convinced defendant they had a mutual business interest in his acceptance of said loans.

3. WELLSBURG TRUCK AND AUTO SALES, INC. and THOMAS CICCOTTI admit 8, 9, 15, 16, 22, 23, 29,30, 36, 37, 42, 43, 68, 69, but this, like all of the documentation was drawn by the Plaintiff Bank, and the signing thereof was done without legal advice, and upon the promises and business decisions and advice of the Plaintiff, defendant did not draft the forms or the contracts, did not read every word before he signed, and relied reasonably on the Plaintiff's stated mutual interests and business advice in so signing, such loans being urged upon defendant by the Plaintiff, who convinced defendant they had a mutual business interest in his acceptance of said loans, please see defenses below,

4. WELLSBURG TRUCK AND AUTO SALES, INC. and THOMAS CICCOTTI admit 10, 11, 17, 18, 19, 24,25,26, 31,32,33,38,39, 44, 45, 70, but this was due to Plaintiff's failure to act and these matters are currently pending in New York's 3rd Department Appellate Division,

5. WELLSBURG TRUCK AND AUTO SALES, INC. and THOMAS CICCOTTI admit 14 as to the document being in existence, deny 14 as to who caused it to be in existence, and would point out that it superceded the earlier demand for payment, if any, likewise subsequent loan documents, defendant did not draft the forms or the contracts, did not read every word before he signed, and relied reasonably on the Plaintiff's stated mutual interests and business advice in so signing, such loans being urged upon

defendant by the Plaintiff, who convinced defendant they had a mutual business interest in his acceptance of said loans

6. WELLSBURG TRUCK AND AUTO SALES, INC. and THOMAS CICCOTTI admit 21 as to the document being in existence, deny 21 as to who caused it to be in existence defendant did not draft the forms or the contracts, did not read every word before he signed, and relied reasonably on the Plaintiff's stated mutual interests and business advice in so signing, such loans being urged upon defendant by the Plaintiff, who convinced defendant they had a mutual business interest in his acceptance of said loans

7. WELLSBURG TRUCK AND AUTO SALES, INC. and THOMAS CICCOTTI admit 28 as to the document being in existence, deny 28 as to who caused it to be in existence defendant did not draft the forms or the contracts, did not read every word before he signed, and relied reasonably on the Plaintiff's stated mutual interests and business advice in so signing, such loans being urged upon defendant by the Plaintiff, who convinced defendant they had a mutual business interest in his acceptance of said loans

8. WELLSBURG TRUCK AND AUTO SALES, INC. and THOMAS CICCOTTI admit 35 as to the document being in existence, deny 35 as to who caused it to be in existence, defendant did not draft the forms or the contracts, did not read every word before he signed, and relied reasonably on the Plaintiff's stated mutual interests and business advice in so signing, such loans being urged upon defendant by the Plaintiff, who convinced defendant they had a mutual business interest in his acceptance of said loans

9. WELLSBURG TRUCK AND AUTO SALES, INC. and THOMAS CICCOTTI admit 41 as to the document being in existence, deny 41 as to who caused it to be in existence, defendant did not draft the forms or the contracts, did not read every word before he signed, and relied reasonably on the Plaintiff's stated mutual interests and business advice in so signing, such loans being urged upon defendant by the Plaintiff, who convinced defendant they had a mutual business interest in his acceptance of said loans

10. WELLSBURG TRUCK AND AUTO SALES, INC. and THOMAS CICCOTTI  admit in part and deny in part, though procedural and it is merely *pro forma* to admit or deny, 47, 67,  in that we admit they are reasserting allegations, but do not admit the allegations,

11. WELLSBURG TRUCK AND AUTO SALES, INC. and THOMAS CICCOTTI deny 4, the court *may* have jurisdiction under 28 U.S.C. § 1332, if not for the affirmative defenses and jurisdictional challenges below, to be decided, denies 5, venue may be proper under 28 U.S.C. §1391(a) but proper venue is also being challenged, deny 6 as to who caused the document to be in existence, jurisdiction is proper in New York in a State Court, and the matter with the banking issues between the above captioned parties  is pending on appeal in a New York State Court.

   Here the New York Court does have jurisdiction for the following reasons based upon the following facts. The Defendant corporation is a New York Corporation, and an officer of the Plaintiff Bank offered to travel to New York for meetings, and did travel to New York for meetings to discuss and process the subject matter of the suit.  Thus the Bank or its employee did transact  business with in New York, and did contract "anywhere" to supply services, here banking services, within New York State. Under NYCPLR§ 302. Personal Jurisdiction over the "person" of the banking corporation is had here as follows:

> Personal jurisdiction by acts of non-domiciliaries. (a) Acts which are the basis of jurisdiction. As to a  cause  of action arising

>from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor, who in person or through an agent:
>1. transacts any business within the state or contracts anywhere to supply goods or services in the state;

In addition, New York Banking Law States in pertinent part:

>§ 200-b. Actions maintained against foreign banking corporation; residents; foreign corporations, foreign banking corporations as non-residents.
>1. An action or special proceeding against a foreign banking corporation may be maintained by a resident of this state for any cause of action. For purposes of this subdivision one, the term "resident of this state" shall include any corporation formed under any law of this state.

A NY Corporation may sue a foreign (Not licensed in NY State) bank in New York for "any cause of action." The boilerplate term in the parties contract that allegedly requires the use of PA law, even if fond an effective clause, does not require suit in Pennsylvania, which may be an inconvenient forum, as the witnesses to the banks wrongdoing are here in New York.

NY Banking Law 141(6)  Definitions
>6. "Doing business," when used in this article, shall include the maintenance by a foreign company of its principal place of business in this state, or the conduct by a foreign company of operations in this state, or the acquisition, owning or holding by a foreign company of any stock or assets of any banking institution or any company which directly or indirectly owns, controls or holds with power to vote ten per centum or more of the voting stock of a banking institution. (emphasis added)

NY Further Baking Law § 207. "Service of process on unlicensed corporation formed under laws other than the statutes of this state.
>1. Every corporation formed under laws other than the statutes of this state which is required by this chapter to obtain a license from the superintendent, and which itself or through an agent does any business in this state for which such license is required either without obtaining such license or after the revocation thereof, submits itself to the jurisdiction of the courts of this state..." (Then states the method alternative service on the superintendent.)

The law under 207 gos on to state in section 5 " Nothing in this section shall affect the right to serve process in any other manner permitted by law." It seems here that Defendant makes much of its lack of a permanent branch office in the State of New York, however, by the above definitions under New York Law this Court has jurisdiction.

12. WELLSBURG TRUCK AND AUTO SALES, INC. and THOMAS CICCOTTI deny 48, 49, that Defendant(s) committed any material breach or failed to honor contractual obligations of the contracts noted in the above captioned case, rather it was the

Plaintiff who breached the written and oral contracts, and violated their fiduciary duties, and caused the defendant's business to fail. A fiduciary duty was created as Robert Champion, and employee of PEOPLES STATE BANK OF WYAUSING, and while acting as an agent for said bank, made business day to day decisions, not only of which creditors to pay, but also attempting to alter a contract between the Plaintiff and a third party. (see attachment C)

13.  WELLSBURG TRUCK AND AUTO SALES, INC. and THOMAS CICCOTTI  deny 50, 51, 52,53, 54, 55, 56, 57, 58, 59, 60, 61, 62,63,64,65,66,72

14.  WELLSBURG TRUCK AND AUTO SALES, INC. and THOMAS CICCOTTI  generally deny the allegations in the above captioned matter, and deny specifically anything not admitted herein.

15. . WELLSBURG TRUCK AND AUTO SALES, INC. and THOMAS CICCOTTI claim no personal knowledge of 1,7,

16. WELLSBURG TRUCK AND AUTO SALES, INC. and THOMAS CICCOTTI claim no personal knowledge 71, and deny that a corporation can have motives, though the individuals can who work there, two of whom, upon information and belief, that defendant dealt with during the relevant time period,  have left the employ of the Plaintiff under less than desirable circumstances, having miss handled their duties.

17. .  WELLSBURG TRUCK AND AUTO SALES, INC. and THOMAS CICCOTTI  do not recall whether or not 13,20, 27, 34, 40, 46, is true, and denies all allegations not specifically addressed herein


 18. WELLSBURG TRUCK AND AUTO SALES, INC. and THOMAS CICCOTTI assert the AFFIRMATIVE DEFENSES and COUNTERCLAIMS and re allege and reassert the above as if restated herein that:

### Failure to State a Claim

19.     The complaint fails to state a claim upon which relief can be granted.

A) The Plaintiff failed to raise the claim for the  repayment of the loans in a in the New York matter involving the very same transactions when they had a full and fair opportunity to raise the repayment claim. Thus they are equitably or collaterally estopped from doing so here in another forum. Thus the repayment request should be precluded or the matter should be dismissed. This may also be lack of subject matter jurisdiction, *infra*.

B) The Plaintiff Bank breached the contract thus voiding it and having no further claim against defendant, as the Defendant is relieved of his duty to perform.


### Failure to Join a Required Party

20.     If there is a debt, it is owed jointly by the defendant and Robert Champion, and other potential parties in the employ or formerly employed by the Plaintiff,  as they decided together and advised and assured Defendant that they would provide the money to pay the loans. Robert

Champion, who is upon information and belief a citizen of Pennsylvania and was in the employ of the plaintiff at the time in question, and other employees or former employees of the plaintiff. These persons can be made a party without depriving this court of jurisdiction over the existing parties.

### Affirmative Defense – Statute of Limitations

21. The plaintiff's claim is barred by the statute of limitations because it arose more than the statutory time limit of years before this action was commenced.

### Affirmative Defense – lack of subject-matter jurisdiction;

22. WELLSBURG TRUCK AND AUTO SALES, INC. and THOMAS CICCOTTI Appear first to challenge jurisdiction, and do not voluntarily submit to jurisdiction.

23. In the STATE OF NEW YORK, SUPREME COURT, COUNTY OF CHEMUNG, Index: 09-2143 an action presided over by HONORABLE JUDITH F. O'SHEA PRESIDNG is pending on Appeal. This matter involves the very same matters that Defendant, the New York Plaintiff, now asserts as a Counterclaim. Since the same issues are pending in New York, this court should not exercise jurisdiction.

24. In the STATE OF NEW YORK, SUPREME COURT, COUNTY OF CHEMUNG, Index: 09-2143 an action presided over by HONORABLE JUDITH F. O'SHEA PRESIDNG is pending on Appeal. This matter involves the very same matters that Defendant, the New York Plaintiff, now asserts as a Counterclaim, there was filed a Notice of Motion, affidavit and attachments, in which the New York Venue is not challenged, and all of the loan documents that are the subject of the present application are attached. Federal Plaintiff, New York Defendant, People's Bank of Wyalusing merely asked the new York Court to apply Pennsylvania law. (Attachment B, page 2, point II)

25. In the STATE OF NEW YORK, SUPREME COURT, COUNTY OF CHEMUNG, Index: 09-2143 , matter involves the very same matters that Defendant, the New York Plaintiff, now asserts as a Counterclaim the Plaintiff conceded that jurisdiction was proper in the New York State Court. (Please see attached Reply Memorandum of Law, page 2, wherein People's Bank of Wyalusing concedes that they never challenged jurisdiction under New York's CPLR § 302 (The long arm statute.) Having conceded jurisdiction to New York in a prior pending action regarding the same set of factual circumstances, as demonstrated by their attachments, the Plaintiff is, or should be, in the Court's discretion, estopped, barred, or otherwise forbidden from raising these matters in an inconvenient forum in another state, at the Federal level, no less. (Attachment B, page 2, point II)

26. This matter began in a State Court in new york, and the Plaintiffs submitted to the jurisdiction of that Court on these transaction matters, and have not have not exhausted state remedies nor indeed has the appeal even finished being filed and heard.

27. In the STATE OF NEW YORK, SUPREME COURT, COUNTY OF CHEMUNG, Index: 09-2143 an action presided over by HONORABLE JUDITH F. O'SHEA PRESIDNG is pending on Appeal. This matter involves the very same matters that Defendant, the New York Plaintiff, now asserts as a Counterclaim. The PEOPLES STATE BANK OF WYALUSING, PA. had an

opportunity to raise these issues by way of a counterclaim in the New York case. By not counterclaiming in NY, where they conceded these business transaction matters were properly heard, the Plaintiff waived the right to claim the issues raised in New York previously, elsewhere.

28. Improper venue; Forum is not convenient, that is why the banking officers agreed to travel and did travel to New York fr meetings. The witnesses are in new York. The events took place in new York. The matter is pending in a New York appeals court. The proper venue is new York.

29. Defendant also asserts the following affirmative defenses:
failure to join a party under Rule 19. assumption of risk; contributory negligence; duress; estoppel; failure of consideration; fraud; illegality; laches; license; payment; release; res judicata; statute of frauds; statute of limitations; and waiver.

## And for a Counterclaim

30. Defendant restates and realleges all of the above as if set forth here.

31. A fiduciary duty was created as Robert Champion, and employee of PEOPLES STATE BANK OF WYAUSING, and while acting as an agent for said bank, made business day to day decisions, not only of which creditors to pay, but also attempting to alter a contract between the Plaintiff and a third party.

32. The People's bank admitted in a letter to Christina Hodge of the Pennsylvania Consumer Affairs Department of Banking that their employee engaged in "unfortunate remarks" and had been cautioned to be "more professional" in the future.

33. There were charging of excessive fees through manipulation of deposits, violating a relationship that had become fiduciary,

34. There was the breaking of various oral contracts , libel, and various violations of banking law to Plaintiff's detriment.

35. Plaintiff engaged in deceptive banking practices. The PEOPLES STATE BANK OF WYAUSING had no contract with the Plaintiff to shop the loan application of WELLSBURG TRUCK AND AUTO SALES,INC to other entities.

36. The PEOPLES STATE BANK OF WYAUSING had no contract with the Plaintiff to libel officers of said WELLSBURG TRUCK AND AUTO SALES,INC. to a third party from whom loan money was sought thus causing irreparable harm to WELLSBURG TRUCK AND AUTO SALES,INC.'s reputation.

37. The PEOPLES STATE BANK OF WYAUSING had no contract with the Plaintiff to convert his overdrafts to a note in order to deceive regulators about the state of their assets, which the People's Bank did, all to Plaintiff's detriment.

38. The PEOPLES STATE BANK OF WYAUSING in fact had no contract with the Plaintiff to inform him that they would reject his checks with insufficient funds, and then, upon so informing Plaintiff, The PEOPLES STATE BANK OF WYAUSING had no contract with the Plaintiff cash them anyway and charge overdraft payment fees. These are deceptive banking practices or outright fraud and malfeasance, and certainly a violation of the fiduciary duty that was createed.

39. The PEOPLES STATE BANK OF WYAUSING promised through their agent, orally with confirmation of said communication in writing to assure him that financing would be produced by the bank to pay off the short term loans they encouraged him to get from them, and then The PEOPLES STATE BANK OF WYAUSING utterly failed to produce said loan, instead producing excessive overdraft fees.

    Plaintiff, upon information and belief fired Robert Champion for his actions relating to these matters, and another officer of the PEOPLES STATE BANK OF WYAUSING

40. AND AS A COUNTER MOTION

41. Plaintiff re-alleges and re-asserts all of the above clams and defenses and factual basis as if set forth again here.

42. Plaintiff moves to be permitted to extend the time for Answer which had run out before counsel who took the case on the contingency that she could be sworn in, was in fact sworn in, to amend and/or supplement the Answer, to state the causes of action with more particularity and to add supporting documents and attempt to gather affidavits from third parties as needed and add same to attachments, and to add additional parties, both as Plaintiffs and Defendants, if appropriate. This request is based upon the statements and arguments herein, the previously filed complaint, the statutes and laws cited, and the attachments herein.

### Crossclaim

43. Defendant makes a cross claim against Robert Champion and other employees and former employees to be named and joined when identified or determined by counsel to be potentially liable.

44. These cross claimed parties are liable because they encouraged and threatened Defendant to sign documents without legal advice, and enticed him with promises that were not kept.

45. Since they caused the Defendant's business to fail by their violations of contracts and oral contracts and and breach of fiduciary duty, and various omissions as outlined above, and other omissions, so defendant was no longer obligated to perform

46. Defendant reserves the right to add additional cross claim parties as they may become known.

Respectfully Submitted,
/s/ THOMAS CICCOTTI
_____

THOMAS CICCOTTI, as President of Wellsburg Truck and Auto Sales, Inc.
/s/Susan BetzJitomir

_____
Susan BetzJitomir, Esq., attorney for above captioned Plaintiff
50 Liberty Street,
Bath, NY 14810
PA 204709
phone: (607) 776-4200
fax: (607) 776-4212
lawyer@betzjitomir.com

VERIFICATION

STATE OF NEW YORK
COUNTY OF CHEMUNG

I, THOMAS CICCOTTI, as President of Wellsburg Truck and Auto Sales, Inc being duly sworn, state: I am the plaintiff in this action. The foregoing Answer is true to my own knowledge, except as to matters therein stated to be alleged on information and belief, and to those matters I believe it to be true.
/s/ THOMAS CICCOTTI

_____

THOMAS CICCOTTI, as President of Wellsburg Truck and Auto Sales, Inc.

ATTORNEY CERTIFICATION

I, Susan M. BetzJitomir, Esq., HEREBY CERTIFY, under the penalties of perjury, that I have no actual knowledge that the substance of any statements of fact contained in the annexed document are false. This Certification is based solely and exclusively upon information provided by the client, and upon the client's certification to me, the undersigned Attorney that such information is not false, and is not based upon any review, audit, examination, inquiry, observation or investigation made by the undersigned attorney or anyone else acting on behalf of said attorney.

PLEASE TAKE FURTHER NOTICE, that this Certification is made by me , the attorney as an Officer or Officers of the Court in accordance with 22 N.Y.C.R.R. 202.16(e) and is expressly not directed or extended to the opposing party herein.

PLEASE TAKE FURTHER NOTICE, that the opposing party may not and should not rely upon this Attorney Certification in assessing the trust or validity of the information contained in the annexed document.  The credibility of the client represented by the undersigned attorney(ies) and the opposing party should give this document no greater credence because it bears this Attorney Certification.

Dated: _____July 19_____, __2010__ at ____Bath_____, New York.

Respectfully Submitted,

/s/Susan BetzJitomir

_____
Susan M. BetzJitomir, Esq.
50 Liberty Street
Bath, N.Y. 14810
PA 204709
phone: (607) 776-4200
fax: (607) 776-4212
lawyer@betzjitomir.com