# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PEOPLES STATE BANK OF WYALUSING, PA, | CIVIL ACTION NO. 3:10-CV-433 |
| Plaintiff | |
| v. | (JUDGE CAPUTO) |
| WELLSBURG TRUCK & AUTO SALES, INC. | |
| and | |
| THOMAS CICCOTTI, | |
| Defendants | |

## MEMORANDUM

Presently before the Court are Plaintiff's Motions to Dismiss Defendants' Counterclaim and Crossclaim and to Strike Certain Affirmative Defenses (Docs. 16, 21, and 25). For the reasons stated below, the Motions to Dismiss and the Motion to Strike will be granted.

## BACKGROUND

Plaintiff filed its Complaint in the instant suit on February 26, 2010. (Doc. 1.) In its Complaint, Plaintiff alleges the following. Plaintiff is a Pennsylvania state chartered banking organization with its principal place of business in Pennsylvania. (Doc. 1 ¶ 1.) Defendant Wellsburg ("Defendant Wellsburg") Truck and Auto Sales, Inc. is a New York corporation with its principal place of business in New York. (Id. ¶ 2.) Defendant Ciccotti is a citizen of New York and is a control person of Defendant Wellsburg. (Id. ¶ 3.) Plaintiff made a series of loans, structured in a variety of ways, to Defendant Wellsburg between January 3, 2007 and November 20, 2008. (Id. ¶ ¶ 6 - 70.) To secure the loans, Defendant Ciccotti had

Defendant Wellsburg grant Plaintiff a security interest in all of Defendant Wellsburg's business assets for each loan, (Id.) and Defendant Ciccotti executed a personal guaranty in favor of Plaintiff guaranteeing repayment for each loan (Id.). None of the loans have been repaid in full. Defendants filed a Complaint against Plaintiff in New York state court on grounds similar to those they raise in their cross-claim and counter-claim. Defendants' suit was dismissed for failure to state a claim in February 2010. (Pl. Ex. B.) Plaintiff filed its Complaint seeking actual damages in the amount of $1,101,863.30 (one-million one-hundred-and-one-thousand eight-hundred and sixty-three dollars and thirty cents) and attorneys fees. In its Complaint, Plaintiff alleges breach of contract (Count I) and fraud (Count II). In their Answer filed on July 19, 2010, Defendants brought counter-claims and cross-claims, as well as a list of affirmative defenses. (Doc. 6.) Plaintiff then moved to have the counter-claims and cross-claims dismissed, and to have the affirmative defenses struck. (Docs. 16, 21, 25.)

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a complaint

2

to set forth information from which each element of a claim may be inferred). In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555). "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant [with] the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id.* The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of her claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden

3

of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

## **DISCUSSION**

First, as a preliminary matter, this Court denies Defendants' Motion for an Extension of Time to Answer, contained in a paragraph in the back of Defendants' original Answer. (Doc. 6.) Ruling on such a motion is within the discretion of the Court, and here the Court finds that Defendants have offered no "good cause" as to why an extension should be granted. Fed. R. Civ. P. 6(b)(1)(A).

**I.    The Cross-Claims and Counter-Claims**

**A.    Cross-Claim against Robert Champion**

The Cross-Claim against Robert Champion will be dismissed for failing to adhere to the Federal Rules of Civil Procedure.

Federal Rule of Civil Procedure 14(a) states:

> A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer.

Fed. R. Civ. P. 14(a)(1).

Defendants failed to adhere to the procedures outlined in the Rule. Defendants first stated their Cross-Claim against Robert Champion, an employee of the Plaintiff, in their Answer to Plaintiff's Complaint on July 19, 2010. (Doc. 6.) Defendants then filed the Cross-Claim as a separate document on August 17, 2010. (Doc. 19.) This is nearly a month gap between the Defendant's original Answer and the filing of the Cross-Claim, and since the

4

Cross-Claim was filed without leave of the Court, it violates Rule 14(a)(1). Furthermore, cross-claims are designed to be directed at a nonparty or parties who are or may be liable to the defendant for "all or part of the claim against " the defendant. Defendants, in their Cross-Claim, make allegations against Robert Champion for defamation and for breach of fiduciary duty, but nowhere allege that Mr. Champion may be liable, in whole or in part, for the claims against the Defendants. Therefore, Defendants' Cross-Claim against Robert Champion will be dismissed on these two grounds.

### B. Counter-Claims

Defendants Counter-Claims for deceptive banking practices, breach of fiduciary duty, and defamation will be dismissed, as Defendants have failed to state claims upon which relief may be granted.

First, there is no cause of action for "deceptive banking practices" under Pennsylvania state law, and that claim will therefore be dismissed.

Second, Defendants have failed to sufficiently allege that Plaintiff owed Defendants a fiduciary duty that Plaintiff breached. A fiduciary relationship arises when one party places confidence in another, resulting in the latter party exercising superiority and influence over the former. *Yohe v. Yohe*, 466 Pa. 405 (Pa. 1976). "Pennsylvania law follows the well recognized principle that a lender is not a fiduciary of the borrower." *Temp-Way Corp. v. Cont'l Bank* 139 B.R. 299, 317 (E.D. Pa. 1992) (citing *Grace v. Moll*, 285 Pa. 353 (Pa. Super. Ct. 1926)). However, a lender may owe a fiduciary duty to a borrower if the lender gains substantial control over the borrower's business affairs. *Temp-Way Corp.*, 139 B.R. at 318. "Substantial control" means lender was involved in the day-to-day management and

5

operations of borrower. *Id*. In the instant suit, other than a single use of the phrase "made day to day decisions," there are no allegations that Plaintiff exercised control over Defendants' business operations. The only other allegation relating to Defendant's breach of fiduciary duty claim is Defendants' allegation that Plaintiff did not offer Defendants financing that Plaintiff promised, but this allegation does not rise to the level of a breach of fiduciary duty.

Third and finally, Defendants have failed to sufficiently allege a claim for defamation. Under Pennsylvania law:

> The elements of a *prima facie* case of defamation are: (1) [t]he defamatory character of the communication. . . (2) [i]ts publication by the defendant . . . (3) [i]ts application to the plaintiff . . . (4) [t]he understanding by the recipient of its defamatory meaning . . . (5) [t]he understanding by the recipient of it as intended to apply to the plaintiff. . . (6) [s]pecial harm resulting to the plaintiff from its publication . . (7) [a]buse of a conditionally privileged occasion.

*Reager v. Williams*, No. 3:08cv2035, 2009 WL 3182053 (M.D. Pa. Sept. 25, 2009) (quoting *Joseph v. Scranton Times L.P.*, 959 A.2d 32 (Pa. Super. Ct. 2008)).

Under Fed. R. Civ. P. Rule 8, to bring a claim for defamation in federal court, only notice pleading is required to survive a Motion to Dismiss. In *Roskos v. Sugarloaf Twp.*, 295 F.Supp. 2d 480, the Middle District of Pennsylvania found:

> While Plaintiffs do not specifically identity the words spoken by Defendant Fisher, they allege she made "false statements about Plaintiffs committing the aforesaid criminal offenses" . . .Plaintiffs also assert that the statements were made at the magisterial hearings. . . We conclude that these and other assertions made in Plaintiffs' defamation count give sufficient notice to satisfy federal pleading requirements.

*Roskos*, 295 F. Supp. 2d at 492.

Here, however, Defendants have not alleged to *whom* the words were spoken, *where*

6

they were spoken, or *when* they were spoken. Defendants' bare allegations do not meet even the liberal notice-pleading requirements of the Federal Rules of Civil Procedure and the defamation claim will therefore be dismissed.

**II.     Plaintiff's Motion to Strike Defendants' Affirmative Defenses**

Plaintiff's Motion to Strike Defendants' Affirmative Defenses will be granted. This Court will strike Defendants claims and affirmative defenses of failure to join a required party; statute of limitations; lack of subject-matter jurisdiction; assumption of risk; failure to state a claim; contributory negligence; duress; estoppel; failure of consideration; fraud; illegality; laches; license; payment; release; res judicata; statute of frauds; statute of limitations; and waiver.

Rule 12(f) of the Federal Rules of Civil Procedure provides: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). While "[m]otions to strike are generally viewed with disfavor . . . a motion to strike under Rule 12(f) is the 'primary procedure' for objecting to an insufficient affirmative defense." *U.S. v. Marisol, Inc.*, 725 F. Supp. 833, 836 (M.D. Pa. 1989) (internal citations omitted). Such motions "serve a useful purpose by eliminating insufficient defenses and saving the time and expense which would otherwise be spent in litigating issues which would not affect the outcome of the case." *Marisol*, 725 F. Supp. at 837 (internal citations omitted).

Federal Rule of Civil Procedure Rule 8 requires that, in responding to a pleading, a party raising an affirmative defense must "state in short and plain terms its defenses to each claim asserted against it." Fed .R. Civ. P. 8(b)(1)(A).

7

As to the defenses of assumption of risk, contributory negligence, duress, estoppel, failure of consideration, fraud, illegality, laches, license, payment, release, res judicata, statute of frauds, and waiver, since Defendants merely list these defenses out in rote fashion and do not state in any way why Defendants are entitled to them, they will be struck.

As to Defendants claim that Plaintiff has failed to join a necessary party, Defendants have failed to sufficiently allege why Robert Champion should have been joined as a required party under Rule 19 of the Federal Rules of Civil Procedure. Defendants do not allege that unless Mr. Champion is a party to this suit, this Court cannot "accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A).

Regarding the statute of limitations defense, the statute has not run on Plaintiff's action. In Pennsylvania, the statute of limitations on breach of contract is four years. 42 Pa.C.S. § 5525(a)(8). Plaintiff alleges breaches of a series of contracts stemming from January 2007 through November 2008. Since Plaintiff filed suit in February 2010, Plaintiff is clearly within the four year statute of limitations.

Defendants' allegations in support of their claim that Plaintiff has failed to state a claim are completely immaterial and therefore insufficient under Rule 8(b)(1)(A) of the Federal Rules of Civil Procedure.

Finally, Defendants also claim that this Court does not have subject-matter jurisdiction over this suit because of the similar suit Defendant brought against Plaintiff in New York state court. In some circumstances, a federal court will abstain from exercising subject-matter jurisdiction over a case when to do so would intrude on the powers of another court. There are several types of abstention. Under the type outlined in *Colorado River Water Conservation Dist. v. U.S.* 424 U.S. 800 (1976), in certain instances where parallel

litigation is being carried on simultaneously in state and federal court to determine the rights of parties with respect to the same questions of law, the federal court may abstain from exercising jurisdiction in order to spare the duplication of judicial efforts. *Colorado River*, 424 U.S. at 820. Here, however, such abstention is unwarranted. Defendants brought a case against Plaintiff in New York state court essentially alleging that Plaintiff had wronged Defendants by failing to provide financing Plaintiff had promised. The suit was dismissed by the New York state court for failure to state a claim. While Defendants claim the suit is being appealed, Plaintiff has brought an entirely different action, i.e., one for breach of contract and fraud. The same questions of law are not at issue and therefore this Court finds abstention to be unwarranted.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Dismiss Defendants' Cross-Claims and Counter-Claims and Plaintiff's Motion to Strike Defendants' Affirmative Defenses will be granted. An appropriate order follows.

| | |
|---|---|
| 11/24/10 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PEOPLES STATE BANK OF WYALUSING, PA, | CIVIL ACTION NO. 3:10-CV-433 |
| Plaintiff | |
| v. | (JUDGE CAPUTO) |
| WELLSBURG TRUCK & AUTO SALES, INC. | |
| and | |
| THOMAS CICCOTTI, | |
| Defendants | |

## ORDER

**NOW**, this __24th__ day of November, 2010, **IT IS HEREBY ORDERED** that Plaintiff's Motions to Dismiss Defendants' Counterclaim and Crossclaim and Plaintiff's Motion to Strike Defendant's Affirmative Defenses (Docs. 16, 21, and 25) are **GRANTED**.

  /s/ A. Richard Caputo
  A. Richard Caputo
  United States District Judge