**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

PEOPLES STATE BANK OF
WYALUSING, PA,

    Plaintiff,

    v.

WELLSBURG TRUCK & AUTO SALES,
INC. and THOMAS CICCOTTI,

    Defendants.

CIVIL ACTION NO. 3:CV-10-0433

(JUDGE CAPUTO)

**MEMORANDUM**

Presently before the Court are Plaintiff Peoples State Bank of Wyalusing, PA's Motions for Partial Summary Judgment (Docs. 56; 61), Motion to Strike Thomas Ciccotti's Brief in Opposition to the Motion for Partial Summary Judgment Against Wellsburg Truck & Auto Sales, Inc. (Doc. 68), and Motion to Strike Exhibits A, C, D, E, F, G, and I of the Brief in Opposition to the Motion for Partial Summary Judgment Against Thomas Ciccotti. (Doc. 70.) For the reasons that follow, Plaintiff's motions will be granted.

### I. Background

**A.    Factual Background**

Defendant Thomas Ciccotti ("Ciccotti") is the President of Defendant Wellsburg Truck & Auto Sales, Inc. ("Wellsburg"). (Docs. 6; 7, "*Answer*", ¶ 1.) During 2007 and 2008, the parties entered into a number of lending transactions that are the focus of this litigation.

First, on January 30, 2007, Wellsburg entered into a promissory note with Plaintiff in the original amount of $150,290.00 (the "January 30, 2007 Note"). (*Compl.*, ¶ 6; *Answer* ¶ 2.) To secure repayment of the January 30, 2007 Note, Ciccotti caused Wellsburg to grant Plaintiff a security interest in all of Wellsburg's business assets. (*Id*.) Also on January 30, 2007, Ciccotti executed a personal guaranty in favor of Plaintiff guaranteeing repayment of the January 30, 2007 Note (the "2007 Note Guaranty"). (*Compl.*, ¶ 8; *Answer* ¶ 3.) Under

the terms of the January 30, 2007 Note, Wellsburg was to make sixty (60) monthly payments of $3,164.36 beginning on February 28, 2007 and ending on February 28, 2012. (*Compl.*, ¶ 9; *Answer* ¶ 3.) Wellsburg last made a payment on the January 30, 2007 Note on September 30, 2008. (Doc. 62, *Gagliardi Aff.*, ¶ 6.) Ciccotti has yet to make any payments on the January 30, 2007 Note. (*Id.* at ¶ 8.)

On July 8, 2008, Wellsburg entered into a promissory note with Plaintiff in the original amount of $249,575.44 (the "July 8, 2008 A Note"). (*Compl.*, ¶ 14; *Answer* ¶ 5.) To secure repayment of the July 8, 2008 A Note, Ciccotti caused Wellsburg to grant to Plaintiff a security interest in all of Wellsburg's business assets. (*Id.*) Ciccotti executed a personal guaranty in favor of Plaintiff guaranteeing repayment of the July 8, 2008 A Note (the "2008 A Note Guaranty"). (*Compl.*, ¶ 15; *Answer* ¶ 3.) The terms of the July 8, 2008 A Note provided that Wellsburg would make five (5) monthly interest payments ranging from $1,455.86 to $1,504.39 beginning on August 8, 2008 and one (1) payment of $251,079.83 on January 8, 2009. (*Compl.*, ¶ 16; *Answer* ¶ 3.) No payment has been made by Wellsburg on the July 8, 2008 A Note since September 30, 2008. (*Gagliardi Aff.*, ¶ 13). Ciccotti has failed to make any payments on the July 8, 2008 A Note. (*Id.* at ¶ 15.)

Also on July 8, 2008, Plaintiff and Wellsburg entered into a promissory note in the original amount of $125,000.00 (the "July 8, 2008 B Note"). (*Compl.*, ¶ 21; *Answer* ¶ 6.) Plaintiff was granted a security interest in Wellburg's business assets to secure repayment of the July 8, 2008 B Note. (*Id.*) A personal guaranty was executed by Ciccotti in favor of Plaintiff guaranteeing repayment of the July 8, 2008 B Note (the "2008 B Note Guaranty"). (*Compl.*, ¶ 22; *Answer* ¶ 3.) Wellsburg agreed under the terms of the July 8, 2008 B Note to make monthly payments of accrued interest calculated on the amount of credit outstanding beginning on August 8, 2008 and principal plus any unpaid interest due on demand. (*Compl.*, ¶ 23; *Answer* ¶ 3.) Wellsburg has not made a payment on the July 8,

2

2008 B Note since September 30, 2008. (*Gagliardi Aff.*, ¶ 20.) Ciccotti has failed to make any payments on the July 8, 2008 B Note despite Plaintiff's demand for payment. (*Id*. at ¶¶ 25-26.)

Also, on July 8, 2008, Plaintiff entered into a promissory note with Wellsburg in the original amount of $147,500.00 (the "July 8, 2008 C Note"). (*Compl.*, ¶ 28; *Answer* ¶ 7.) Wellsburg granted Plaintiff a security interest in all its business assets to secure repayment under the July 8, 2008 C Note. (*Id*.) Ciccotti also executed a personal guaranty in favor of Plaintiff guaranteeing repayment of the July 8, 2008 C Note (the "2008 C Note Guaranty"). (*Compl.*, ¶ 29; *Answer* ¶ 3.) Wellsburg agreed to make five (5) monthly interest payments ranging from $983.33 to $1,016.00 beginning on August 8, 2008 and one payment of $148,516.11 on January 8, 2009 under the terms of the July 8, 2008 C Note. (*Compl.*, ¶ 30; *Answer* ¶ 3.) Wellsburg last made a payment on the July 8, 2008 C Note on September 30, 2008. (*Gagliardi Aff.*, ¶ 30.) No payments have been made on the July 8, 2008 C Note by Ciccotti despite Plaintiff's demand for payment. (*Id*. at ¶¶ 32-33.)

On October 9, 2008, Wellsburg and Plaintiff entered into a promissory note in the original amount of $100,000.00 (the "October 9, 2008 Note"). (*Id*. at ¶ 35.) Ciccotti executed a personal guaranty for repayment of the October 9, 2008 Note (the "October 9, 2008 Note Guaranty"). (*Gagliardi Aff.*, ¶ 36.) The October 9, 2008 Note provided that Wellsburg was to make monthly payments of accrued interest calculated on the amount of credit oustanding beginning on November 6, 2008 and a principal payment due on July 6, 2009. (*Compl.*, ¶ 37; *Answer* ¶ 3.) Neither Wellsburg nor Ciccotti has ever made a payment on the October 9, 2008 Note despite the demand for payment. (*Gagliardi Aff.*, ¶¶ 37-39.)

Lastly, on November 20, 2008, Plaintiff and Wellsburg entered into a promissory note in the original amount of $286,000.00 (the "November 20, 2008 Note"). (*Id*. at ¶ 41.) Ciccotti also executed a personal guaranty of the November 20, 2008 Note (the "November 20,

3

2008 Guaranty"). (*Compl.*, ¶ 42; *Answer* ¶ 3.) No payments have been made on the November 20, 2008 Note by either Wellsburg or Ciccotti. (*Gagliardi Aff.*, ¶¶ 43-45.)

Plaintiff has not assigned or transferred the January 30, 2007 Note, the 2007 Note Guaranty, the July 8, 2008 A Note, the 2008 A Note Guaranty, the July 8, 2008 B Note, the 2008 B Note Guaranty, the July 8, 2008 C Note, the 2008 C Note Guaranty, the October 9, 2008 Note, the October 9, 2008 Note Guaranty, the November 20, 2008 Note, or the November 20, 2008 Note Guaranty to any other institution. (*Id*. at ¶ 47.) The notes and guaranties continue to be held by Plaintiff. (*Id.*)

As of June 18, 2012, the outstanding balances on the notes were: $155,776.82 on the January 30, 2007 Note; $302,279.95 on the July 8, 2008 A Note; $151,762.43 on the July 8, 2008 B Note; $193,898.80 on the July 8, 2008 C Note; $192,598.86 on the October 9, 2008 Note; and $347,207.65 on the November 20, 2008 Note. (*Gagliardi Aff.*, ¶¶ 10, 17, 27, 34, 40, 46.)

**B.    Procedural History**

As a result of the foregoing events, Plaintiff commenced this action for breach of contract and fraud against Wellsburg and Ciccotti on February 26, 2010. (*Compl*.) In July 2010, Wellsburg and Ciccotti filed an Answer, Counterclaim, and Jurisdictional Challenge to the Complaint. (Docs. 6; 7.) Plaintiff subsequently filed Motions to Dismiss Defendants' Counter-claim and Cross-claim and to Strike Certain Affirmative Defenses (Docs. 16; 21; 25.)

On November 29, 2010, Plaintiff's Motions to Dismiss Defendants' Counter-claim and Cross-claim and to Strike Certain Affirmative Defenses were granted. (Doc. 29.) Defendants' cross-claim against Robert Champion was dismissed since it failed to comply with Rule 14(a)(1) of the Federal Rules of Civil Procedure, and also because it failed to allege that Champion was liable for all or part of the claim against Defendants. *See Peoples*

4

*State Bank of Wyalusing v. Wellsburg Truck & Auto Sales, Inc.*, No. 10-433, 2010 WL 4922877, at *2 (M.D. Pa. Nov, 29, 2010). As to Defendants' counter-claims, the deceptive banking practices claim was dismissed because there is no such cause of action under Pennsylvania law. *See id*. at *3. And, as to the breach of fiduciary duty and defamation counter-claims, they were dismissed for failure to state a claim upon which relief can be granted. *See id*. at *3-4. Lastly, Plaintiff's motion to strike affirmative defenses was granted, and the claims and affirmative defense of "failure to join a required party; statute of limitations; lack of subject-matter jurisdiction; assumption of risk; failure to state a claim; contributory negligence; duress; estoppel; failure of consideration; fraud; illegality; laches; license; payment; release; res judicata; statute of frauds; and waiver " were struck from Defendants' Answers to Plaintiff's Complaint. *Id*. at *4-5.

Thereafter, Defendants' counsel filed a motion to withdraw from the case. (Doc. 42.) On January 3, 2012, the motion was granted. (Doc. 48.) Defendant Ciccotti has since proceeded in this action *pro se*. No attorney has entered an appearance on behalf of Defendant Wellsburg since its counsel's motion to withdraw was granted.

Subsequently, on July 9, 2012, Plaintiff filed a motion for partial summary judgment against Defendant Wellsburg. (Doc. 56.) And, on July 11, 2012, Plaintiff filed a motion for partial summary judgment against Defendant Ciccotti. (Doc. 61.)[1] Defendants filed a brief in opposition to Plaintiff's summary judgment motions on July 25, 2012. (Doc. 66.) On August 8, 2012, Plaintiff filed a motion to strike the opposition brief filed by Wellsburg because the brief's author is not a licensed attorney and Wellsburg has previously been informed that it could not appear *pro se* or be represented by Mr. Ciccotti. (Doc. 68.) Also on August 8, 2012, Plaintiff filed a motion to strike certain exhibits relied on by Defendant

---

[1] Plaintiff seeks summary judgment only with respect to its breach of contract claim. It has not moved for summary judgment on its fraud claim.

Ciccotti in opposition to the summary judgment motion on the grounds that the exhibits are immaterial, inadmissible, and/or impertinent. (Doc. 70.) Now, as the motions have all been fully briefed, they are ripe for disposition.

## II. Discussion

### A. Motions to Strike

Before addressing Plaintiff's motions for partial summary judgment, the outstanding motions to strike will be resolved. First, the motion to strike the brief filed by Wellsburg in opposition to Plaintiff's summary judgment motion will be granted. As I noted at a hearing held on October 27, 2011, Wellsburg may not appear *pro se* in this action and it may not be represented by a non-attorney. (Doc. 41, Tr. 14:22-15:2.); *see, e.g., Lawson v. Nat'l Cont'l-Progressive Ins. Co.*, 347 F. App'x 741, 742 n.1 (3d Cir. 2009) (a corporation "cannot proceed as a *pro se* litigant" and a "non-attorney may not represent the interests of a corporation in federal court."). Because Wellsburg's brief in opposition to Plaintiff's summary judgment motion was authored and filed by Ciccotti, a non-attorney, he is impermissibly attempting to represent the corporate Defendant. Wellsburg's opposition brief in response to the motion for summary judgment will be struck.

Second, Plaintiff has moved to strike Exhibits A, C, D, E, F, G, and I filed by Ciccotti in opposition to Plaintiff's motion for summary judgment against him. Ciccotti contends that the exhibits "substantiate the lack of a valid contract as a result of the fraud by the inducement, duress, misrepresentation, impossibility, and impracticability." Ciccotti further argues that the exhibits are not "hearsay or immaterial" as the evidence is crucial to his defense.

Evidence that would be inadmissible at trial is inadmissible when deciding a motion for summary judgment. *See Gonzalez v. Sec'y of Dep't of Homeland Security*, 678 F.3d 254, 262 (3d Cir. 2012). "A party may object that the material cited to support or dispute a fact

6

cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2).

Plaintiff's motion to strike the exhibits will be granted. First, the Exhibits are replete with inadmissible hearsay which Ciccotti would be unable to present in a form that would be admissible at trial.

Moreover, a number of the Exhibits contain information that is simply not relevant to the matter at issue with respect to Plaintiff's motion for summary judgment against Ciccotti for breach of the guaranty agreements entered into in 2007 and 2008. For example, Exhibit A , "Flow Chart of Events", does not relate to Plaintiff's claim regarding breach of the guaranty agreements. Likewise, Exhibit C, consisting of a memorandum to the "File" and notes and transcripts of telephone conversations, is of little import to resolution of the instant summary judgment motion as it does not relate to payment on the guaranties at issue. The documents comprising Exhibit E are similarly immaterial as they are copies of Ciccotti's legal bills, retainer agreement, and memoranda from his counsel to Plaintiff which are not material to the breach of the guaranty agreements at issue. The documents in Exhibit F pertain to real estate transactions involving non-parties to this action which are pertinent to resolution of the breach of the guaranties at issue in Plaintiff's summary judgment motion. And, Exhibit I is a two sentence email regarding an investigation being conducted by the FDIC, but the email does not address who or what the FDIC is investigating. At most, Exhibits A, C, D, E, F, G, and I seek to show that Plaintiff engaged in some sort of improper conduct with respect to the notes and guaranty agreements signed and executed by Wellsburg and Ciccotti. But, as discussed above, Ciccotti's claims and affirmative defenses of fraud, illegality, and duress have all been previously dismissed from this action. *See Peoples State Bank of Wyalusing v. Wellsburg Truck & Auto Sales, Inc.*,

2010 WL 4922877, at *4-5.[2] Thus, as these exhibits consist of inadmissible hearsay, are immaterial to the claim at issue before the Court, and/or present legal theories that have previously been dismissed from the case, the exhibits will not be considered in resolving the motion for summary judgment filed against Ciccotti.

**B.     Motions for Summary Judgment**

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Summary judgment is appropriate when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Wright v. Corning*, 679 F.3d 101, 103 (3d Cir. 2012) (quoting *Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995)). A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law. *See Edelman v. Comm'r of Soc. Sec.*, 83 F.3d 68, 70 (3d Cir. 1996). Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a genuine one. *Anderson*, 477 U.S. at 248. An issue of material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party." *Id*. Where there is a material fact in dispute, the moving party has the initial burden of proving that: (1) there is no genuine issue of material fact; and (2) the moving party is entitled to judgment as a matter of law. *See* 2D Charles Alan Wright &

---

[2]     Thus, Exhibit D which seeks to prove Wellsburg's damages is not relevant to the issues remaining in this case.

Arthur R. Miller, Federal Practice and Procedure § 2727 (2d ed.1983). The moving party may present its own evidence or, where the non-moving party has the burden of proof, simply point out to the court that "the non-moving party has failed to make a sufficient showing on an essential element of her case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

"When considering whether there exist genuine issues of material fact, the court is required to examine the evidence of record in the light most favorable to the party opposing summary judgment, and resolve all reasonable inferences in that party's favor." *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). Once the moving party has satisfied its initial burden, the burden shifts to the non-moving party to either present affirmative evidence supporting its version of the material facts or to refute the moving party's contention that the facts entitle it to judgment as a matter of law. *Anderson*, 477 U.S. at 256–57. The Court need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S. Ct. 3177, 111 L. Ed. 2d 695 (1990).

"To prevail on a motion for summary judgment, the non-moving party must show specific facts such that a reasonable jury could find in that party's favor, thereby establishing a genuine issue of fact for trial." *Galli v. New Jersey Meadowlands Comm'n*, 490 F.3d 265, 270 (3d Cir. 2007) (citing Fed. R. Civ. P. 56(e)). "While the evidence that the non-moving party presents may be either direct or circumstantial, and need not be as great as a preponderance, the evidence must be more than a scintilla." *Id*. (quoting *Hugh v. Butler County Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005)). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

Plaintiff seeks summary judgment on its breach of contract claim against both Defendants.

### 1. Defendant Wellsburg

Because Defendant Wellsburg's brief in opposition to Plaintiff's motion for summary judgment has been struck, the motion for summary judgment is deemed unopposed. Nevertheless, the Court must still analyze the merits of Plaintiff's motion to determine whether summary judgment is appropriate. *See Lorenzo v. Griffith*, 12 F.3d 23, 28 (3d Cir. 1993); *Anchorage Associates v. Virgin Islands Board of Tax Review*, 922 F.2d 168, 174-75 (3d Cir. 1990); *Moultrie v. Luzerne Cnty. Prison*, No. 06–1153, 2008 WL 4748240, at *2 (M.D. Pa. Oct. 27, 2008).

Plaintiff has demonstrated that it is entitled to summary judgment on its breach of contract claim against Wellsburg. To establish its breach of contract claim under Pennsylvania law, Plaintiff must prove: (1) the existence of a contract, including the essential terms; (2) that Wellsburg breached a duty imposed by the contract; and (3) damages. *Williams v. Nationwide Mut. Ins. Co.*, 750 A.2d 881, 884 (Pa. Super. 2000). Wellsburg has admitted that it entered into the promissory notes, that it had a duty to make payments under the promissory notes, and that it failed to make payments under the promissory notes. While Wellsburg argues that it did not draft the promissory notes or read the promissory notes before they were signed, these are not sufficient excuses to avoid or nullify the parties' agreements. Accordingly, no genuine issue of material fact exists, and Plaintiff is entitled to summary judgment on its breach of contract claim against Wellsburg.

### 2. Defendant Ciccotti

As stated, in order to successfully litigate a breach of contract claim, Plaintiff must show: 1) the existence of a contract; 2) breach of a duty imposed by that contract; and 3) damages resulting from the breach. *Fabral, Inc. v. B & B Roofing Co.*, 773 F. Supp. 2d 539,

550-52 (E.D. Pa. 2011) (claim for guarantor's breach of a guaranty agreement requires proof of the existence and essential terms of the guaranty, breach of the terms of the guaranty by failing to pay the amounts owed, and resultant damages); *J.F. Walker Co., Inc. v. Excalibur Oil Group, Inc.*, 792 A.2d 1269, 1272 (Pa. Super. 2002); *compare F.D.I.C. v. Banks*, No. 92-4750, 1994 WL 111344, at *2 (E.D. Pa. Apr. 4, 1994) (to establish a claim for recovery on a guaranty of a note under federal common law, a plaintiff must prove that "1) the note and the guaranty agreement exist and are valid; 2) the plaintiff is the present holder or owner of the note; 3) there was a default by the debtor on the underlying note; and 4) the alleged guarantor is liable under the guaranty agreement.").

In this case, Plaintiff has presented sufficient evidence to make out its breach of contract claim against Ciccotti. First, it is uncontested that the parties had a contractual relationship pursuant to the terms of the guaranty agreements. (*Answer*, ¶ 3.)

Second, it is undisputed that Ciccotti did not make the required payments under the guaranties following Wellsburg's failure to pay the underlying notes. (*Answer*, ¶ 4.) "A guaranty of the payment of a note 'when due' is broken by nonpayment at maturity, and the guarantor is then liable upon his contract to the creditor, . . ." *First Nat'l Consumer Discount Co. v. McCrossan*, 486 A.2d 396, 399 (Pa. Super. 1984) (citation omitted). As Wellsburg acknowledges that it has not made the required payments under the notes, and as Ciccotti admits that he has not made the required payments under the guaranty agreements, he has breached the terms of the parties' contracts.

Lastly, Plaintiff has demonstrated that it suffered damages as a result of Ciccotti's failure to perform on the guaranty agreements. Thus, Plaintiff, as the party with the burden of proof at trial on the breach of contract claim, "has produced enough evidence to support the findings of fact necessary to win." *El v. Se. Pa. Transp. Auth.*, 479 F.3d 232, 237 (3d Cir. 2007) (citing *Marzano v. Computer Sci. Corp., Inc.*, 91 F.3d 497, 502 (3d Cir. 1996);

*Sorba v. Pa. Drilling Co.,* 821 F.2d 200, 202-03 (3d Cir. 1987)).

Because Plaintiff has successfully pointed to evidence of all facts needed to resolve this action prior to trial, Ciccotti "can defeat summary judgment if [he] nonetheless produces or points to evidence in the record that creates a genuine issue of material fact." *Id*. at 238 (citing *Josey v. John R. Hollingsworth Corp.*, 996 F.2d 632, 637 (3d Cir. 1993). Stated differently, "it is inappropriate to grant summary judgment in favor of a moving party who bears the burden of proof at trial unless a reasonable juror would be compelled to find its way on the facts needed to rule in its favor on the law." *Id*. (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986); *Hill v. City of Scranton*, 411 F.3d 118, 127 n.11 (3d Cir. 2005)).

Here, Ciccotti has failed to produce or point to evidence of record that creates a genuine issue for trial, as he merely states that the "attached Exhibits 'A' through 'J' substantiate the lack of a valid contract as a result of fraud by the inducement, duress, misrepresentation, impossibility, and impracticability." This is insufficient for Ciccotti to survive summary judgment. For one, these defenses have been struck by the Court and waived by Ciccotti under the terms of the guaranty agreements. Indeed, the guaranties executed by Ciccotti "absolutely and unconditionally" guaranteed to Plaintiff full and prompt payment when the notes were due, and he waived "any and all defenses, claims, and discharges of Borrower, or any other obligor, pertaining to indebtedness, except the defense of discharge by payment in full," including "any defense of waiver, release, statute of limitations, res judicata, statute of frauds, fraud, incapacity, minority, usury, illegality, or unenforceability which may be available to Borrower . . . ." (*Guaranties*, ¶ 7.) "[A]n explicit waiver precludes a guarantor from asserting [those defenses] in an action to recover under the guaranty." *Ford Motor Credit Co. v. Lototsky*, 549 F. Supp. 996, 999 (E.D. Pa. 1982). Thus, not only have Ciccotti's defenses been struck by the Court as discussed in detail

12

above, he has also waived them under the terms of the guaranties.

Moreover, the exhibits submitted by Ciccotti which have not been struck from the record simply fail to create a genuine issue of material fact. Ciccotti has not demonstrated what Plaintiff misrepresented which induced him into entering into the guaranty agreements or how performance under the agreements is impracticable or impossible. Furthermore, to the extent that he suggests he entered into the guaranty agreements due to extenuating circumstances, it is undisputed that Ciccotti accepted the benefits flowing from the underlying notes. Accordingly, because a reasonable juror would be compelled to find against Ciccotti on the breach of contract claim, summary judgment in Plaintiff's favor is warranted.

### III. Conclusion

For the above stated reasons, Plaintiff's motions to strike and partial motions for summary judgment will be granted.

An appropriate order follows.

| | |
|---|---|
| March 5, 2013 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

13